UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOAN CONWAY,

                              Plaintiff,                  1:14-CV-0180
                                                                             (GTS/DJS)

v.

UNITED STATES POSTAL SERVICE,

                              Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MILLER, MANNIX, SCHACHNER & HAFNER, LLC<br>  Counsel for Plaintiff<br>P.O. Box 765<br>Glens Falls, New York 12801 | LEAH A. EVERHART, ESQ. |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney for the<br>Northern District of New York<br>  Counsel for Defendant<br>James T. Foley Courthouse<br>445 Broadway<br>Albany, New York 12201 | CATHLEEN B. CLARK, ESQ.<br>Assistant United States Attorney |

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this personal injury action filed by Joan Conway ("Plaintiff") against the United State Postal Service ("Defendant"), is Defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 19.) For the reasons set forth below, Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Plaintiff's Complaint asserts a single cause of action under the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et seq.* (Dkt. No. 1, ¶¶ 16-21 [Pl.'s Compl.].) In support of this claim, Plaintiff's Complaint alleges as follows. On August 23, 2012, Plaintiff visited the post office located in Chestertown, New York, for the purpose of sending and receiving mail. (*Id.*, ¶¶ 2-4.) While exiting the post office, Plaintiff's shoulder collided with a metal object supporting an ashtray that was permanently affixed to and projecting from the exterior of the building. (*Id.*, ¶ 5.) The ashtray was located in close proximity to the exit and its configuration made it difficult to discern when several people were near it, increasing the likelihood that a pedestrian could collide with it. (*Id.*, ¶ 6.) After colliding with the ashtray, Plaintiff fell to the ground and suffered several injuries, including a severe injury to her left hip and pelvis, a broken left wrist, an injury to her rotator cuff, and permanent nerve damage as well as a loss of feeling in three of her fingers. (*Id.*, ¶¶ 7-10.)

Based upon these allegations, the Complaint alleges that Defendant had a duty of care to those seeking to access and use the post office. (*Id.*, ¶ 11.) Furthermore, the Complaint alleges that Defendant knew or should have known of the danger inherently caused by the protrusion of a hard metal object from the side of the building and in close proximity to its exit. (*Id.*) Finally, the Complaint alleges that, by allowing this condition to exist and continue, Defendant breached its duty of care to Plaintiff, which was the proximate cause of her injuries. (*Id.*)

**B.     Statement of Undisputed Material Facts**[1]

The undisputed material facts are as follows. Plaintiff was 81 years old at the time of the incident and had been a resident of Chestertown since 1986. (Dkt. No. 19, Attach. 3, ¶¶ 1-2 [Def.'s Rule 7.1 Statement].) Plaintiff had owned a P.O. Box at the Chestertown Post Office since 1986 and visited the post office "daily" from 1986-2012. (*Id.*, ¶¶ 3-4.) Plaintiff never noticed the ashtray before her accident on August 23, 2012. (*Id.*, ¶ 6.) Plaintiff never told anyone at the post office that she thought the ashtray constituted a dangerous condition nor did she hear of anyone else being injured at the post office by the ashtray. (*Id.*, ¶¶ 7-8.)

<u>Postmaster Thomas Andonucci</u>

Thomas Andonucci became postmaster of the Chestertown Post Office in approximately June of 2004. (*Compare* Dkt. No. 19, Attach. 3, ¶ 9 [Def.'s Rule 7.1 Statement, asserting that Mr. Andonucci became postmaster in 2003 but failing to cite record evidence that establishes that fact] *with* Dkt. No. 22, Attach. 1, ¶ 9 [Pl.'s Rule 7.1 Response, asserting above-stated fact and citing record evidence that establishes fact].) The ashtray has been present in the same location since at least when Mr. Andonucci became postmaster in 2004 and has never been

---

[1] The Court notes that, in Plaintiff's Rule 7.1 Response, she purports to deny certain facts asserted by Defendant by claiming to not have any "independent knowledge of the truth of the statement . . . and can neither admit nor deny it." (Dkt. No. 22, Attach. 1, ¶¶ 11-16 [Pl.'s Rule 7.1 Response].) These responses do not comply with Local Rule 7.1(a)(3) of the Local Rules of Practice for the Court and, therefore, will be deemed admitted. *See Davis v. City of Syracuse.*, 12-CV-0276, 2015 WL 1413362, at *2 (N.D.N.Y. Mar. 27, 2015) (Suddaby, J.) ("On a motion for summary judgment, denials of fact that are based on a lack of personal knowledge, mere information or belief, and/or inadmissible evidence are insufficient to create a genuine dispute."); *In re Horowitz*, 14-CV-36884, 2016 WL 1039581, at *1 n.2 (Bankr. S.D.N.Y. Mar. 15, 2016) (stating that, "[o]n a motion for summary judgment, denials based on a lack of knowledge or information sufficient to form a belief are insufficient to contest a disputed fact . . . . Similarly, a response contending to neither admit or deny an allegation does not create a genuine issue of fact"); *accord*, *Piacente v. Int'l Union of Bricklayers & Allied Craftworkers*, 11-CV-1458, 2015 WL 5730095, at *2 n.3 (S.D.N.Y. Sept. 30, 2015).

moved. (Dkt. No. 19, Attach. 3, ¶¶ 10, 14 [Def.'s Rule 7.1 Statement].) As the postmaster, Mr. Andonucci receives any complaints made by customers and has never received complaints regarding the ashtray (other than from Plaintiff on or after August 23, 2012). (*Id.*, ¶¶ 11-12.) Similarly, nobody has been injured by the ashtray between when Mr. Andonucci became postmaster in June of 2004 and when Plaintiff's accident occurred in August of 2012. (*Id.*, ¶ 13.) In fact, there have been only three customer accidents at the Chestertown Post Office from 1990 to 2014, including Plaintiff's accident. (*Id.*, ¶ 15.) Neither of the other two accidents involved the ashtray. (*Id.*, ¶ 16.)

### Plaintiff's Accident

On August 23, 2012, Plaintiff's friend drove her to the Chestertown Post Office so Plaintiff could deposit some letters. (*Id.*, ¶¶ 17-18.) Plaintiff walked by the ashtray when she entered the post office. (*Id.*, ¶ 19.) When Plaintiff exited the post office, a man held the door open for her. (*Id.*, ¶ 22.) Plaintiff focused on the man holding the door open as she walked by him. (*Compare* Dkt. No. 19, Attach. 3, ¶ 23 [Def.'s Rule 7.1 Statement, asserting that Plaintiff focused her attention *behind* her on the gentleman holding the door for her but failing to cite record evidence that establishes that fact] *with* Dkt. No. 22, Attach. 1, ¶ 23 [Pl.'s Rule 7.1 Response, asserting above-stated fact and citing record evidence that establishes fact].) As Plaintiff continued walking, she struck the ashtray. (*Compare* Dkt. No. 19, Attach. 3, ¶ 24 [Def.'s Rule 7.1 Statement, asserting that Plaintiff continued to walk forward while focusing her attention on the gentleman behind her (rather than looking forward) but failing to cite record evidence that establishes that fact] *with* Dkt. No. 22, Attach. 1, ¶ 24 [Pl.'s Rule 7.1 Response, asserting above-stated fact and citing record evidence that establishes fact].) When asked at her

deposition if she could have done anything to avoid hitting the ashtray, Plaintiff testified, "I wish I could have, but–I was just exiting, but I was focused on the man opening the door for me, keeping it open." (Dkt. No. 19, Attach. 3, ¶ 25 [Def.'s Rule 7.1 Statement].) After the fall, Plaintiff was transported to Glens Falls Hospital by ambulance. (*Id.*, ¶ 27.)

### C. Parties' Briefing on Defendant's Motion for Summary Judgment

#### 1. Defendant's Memorandum of Law

Generally, in its memorandum of law, Defendant asserts three arguments. (Dkt. No. 19, Attach. 2 [Def.'s Mem. of Law].) First, Defendant argues that the ashtray was an open and obvious condition and was not a dangerous condition for the following five reasons: (a) the ashtray was in plain view and unobstructed on the date of Plaintiff's accident; (b) the ashtray is silver, which stands in stark contrast to the cream-colored wall to which it is affixed; (c) the ashtray is no more dangerous than any number of objects that are often placed on or against a building's exterior near an entrance or exit, such as a fire extinguisher, bench, mailbox, or newspaper stand; (d) the ashtray has remained affixed to the building in the same location since at least 1995 and has never been the subject of a complaint or accident aside from the incident in question; and (f) Plaintiff has been going to the Chestertown Post Office on a regular basis since 1986 and never gave the placement of the ashtray a second thought. (*Id.* at 9-10.)

Second, Defendant argues that it was not readily foreseeable that a customer would be distracted and not see the ashtray for the following two reasons: (a) the ashtray has been present since at least 1995 and has not caused anyone, other than Plaintiff, injury; and (b) it was not readily foreseeable that someone would not watch where they were going and walk directly into an affixed object, that was at eye level, out in the open, unobscured, and in plain view. (*Id.* at 10-11.)

Third, and finally, Defendant argues that the sole proximate cause of Plaintiff's injuries was her own inattention. (*Id.* at 11-12.)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, Plaintiff asserts three arguments in opposition to Defendant's motion. First, Plaintiff argues that the ashtray was not open and obvious and was inherently dangerous for the following four reasons: (a) a silver ashtray does not stand in stark contrast to a white-colored wall to which it is affixed; (b) photographs of the post office demonstrate that the ashtray was placed in a shaded area and that the light fixture was not always illuminated; (c) the ashtray protruded over one section of the narrow entryway, making it foreseeable that a customer using that side of the walkway could come into contact with it; and (d) the ashtray did not serve a purpose because smoking had not be permitted on the premises of the post office for at least ten years. (Dkt. No. 22, at 6-7 [Pl.'s Opp'n Mem. of Law].)

Second, Plaintiff argues that her deposition testimony, coupled with granting her every reasonable inference, demonstrates that she was *not* looking behind her to thank the gentleman who had held the door open for her when she ran into the ashtray, as Defendant contends. (*Id.* at 6-8.) More specifically, with respect to her testimony, Plaintiff argues that she thanked the gentleman holding the door as she walked *by him*. (*Id.* at 1-2.) Furthermore, Plaintiff argues that, at the time of her accident, there were numerous people in the entryway corridor who were moving toward her, which made it difficult for her to see past them and observe the ashtray. (*Id.* at 8.) Plaintiff argues that she had to step to the far right side of the path to allow others to pass by her, which was when she made contact with the ashtray. (*Id.* at 6-7.)

Similarly, Plaintiff argues that it is not plausible that she was looking back at the gentleman when she collided with the ashtray. In support of this argument, Plaintiff argues that Mr. Andonucci testified that the total depth of the entryway was approximately ten to twelve feet. (*Id.* at 7.) Therefore, Plaintiff argues, one would have to surmise that she exited the doorway and continued looking at the gentleman who held the door open up for her while walking nine to twelve feet without incident before striking the ashtray. (*Id.* 7-8.) Plaintiff further argues that such continuing to look backward would not have been plausible while trying to navigate around the other customers attempting to enter the post office. (*Id.* at 8.) In any event, Plaintiff argues that any inattentiveness attributable to her is evidence of comparative negligence, which does not bar her claim. (*Id.* at 9.)

Third, and finally, Plaintiff argues that the alleged statement that she made to medical personnel that she was in a hurry to get to her car when the accident occurred is inadmissible evidence. (*Id.* at 10-11.) More specifically, Plaintiff argues that the ambulance log, which contains this statement, is not admissible under Fed. R. Evid. 803(4) because the statement was not useful for purposes of medical diagnosis or treatment. (*Id.*; Dkt. No. 19, Attach. 11 [Ambulance Log].)

### 3. Defendant's Reply Memorandum of Law

Generally, Defendant asserts three arguments in reply to Plaintiff's opposition. First, Defendant argues that Plaintiff has failed to create a genuine dispute of material fact regarding the inherent dangerousness of the ashtray for the following four reasons: (a) Plaintiff has not offered an expert architect, or any other design professional, to opine on whether the placement of the ashtray posed a danger to customers; (b) there is no evidence that the ashtray, or its

placement, violated any building code or ordinance; (c) Plaintiff agrees that she is not aware of anyone else suffering an injury in connection with the ashtray, nor has she refuted Defendant's evidence that the ashtray has been present since at least 1995 and has never caused an injury to anyone other than herself; and (d) Plaintiff's opinion that the ashtray is inherently dangerous is not supported by her two decades of entering and exiting the post office on an almost daily basis without incident. (Dkt. No. 23, at 2-3 [Def.'s Reply Mem. of Law].)

Second, Defendant argues that there is no evidence that Plaintiff's accident was reasonably foreseeable for the following three reasons: (a) the fact that the ashtray has never caused injury to anyone before Plaintiff's accident refutes her conclusory claim that her accident was reasonably foreseeable; (b) it is not reasonably foreseeable that someone might walk into a stationary object that sits out in the open in plain view to the public; and (c) Plaintiff's theory of liability is the equivalent of arguing that landowners should not be allowed to keep stationary objects, such as garbage cans, newspaper stands, or mailboxes near the entrances or exits of their buildings. (*Id.* at 3-4.)

Third, and finally, Defendant argues that the ashtray was an open and obvious condition and objects to Plaintiff's affidavit (Dkt. No. 22, Attach. 2), which was filed in conjunction with her opposition memorandum of law, and which appears to contradict her pre-affidavit deposition testimony regarding whether the ashtray was obscured from view. (Dkt. No. 23, at 6-7 [Def.'s Reply Mem. of Law].) More specifically, Defendant argues that Plaintiff was asked during her deposition if anything concealed the ashtray from her view to which the Plaintiff replied "no." (*Id.* at 7-8.) Defendant argues that Plaintiff has not pointed to any evidence that would suggest that the post office somehow prevented her from observing the ashtray or was otherwise on notice that the ashtray was not readily apparent to customers. (*Id.* at 7.)

## II.     STANDARD GOVERNING A MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).[2]  As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movant. *Anderson*, 477 U.S. at 255.  In addition, "[the movant] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the movant has met its initial burden, the non-movant must come forward with specific facts showing a genuine issue of material fact for trial.  Fed. R. Civ. P. 56(a),(c),(e).

Implied in the above-stated burden-shifting standard is the fact that, where a non-movant willfully fails to respond to a motion for summary judgment, a district court has no duty to

---

[2] As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted].  As the Supreme Court has explained, "[The non-movant] must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

perform an independent review of the record to find proof of a factual dispute.[3] Of course, when a non-movant willfully fails to respond to a motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). Rather, as indicated above, the Court must assure itself that, based on the undisputed material facts, the law indeed warrants judgment for the movant. *Champion*, 76 F.3d at 486; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.); N.D.N.Y. L.R. 7.1(b)(3). What the non-movant's failure to respond to the motion does is lighten the movant's burden.

For these reasons, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a movant's statement of material facts to be admitted, where (1) those facts are supported by evidence in the record, and (2) the non-movant has willfully failed to properly respond to that statement.[4]

Similarly, in this District, where a non-movant has willfully failed to respond to a movant's properly filed and facially meritorious memorandum of law, the non-movant is deemed to have "consented" to the legal arguments contained in that memorandum of law under Local Rule 7.1(b)(3).[5] Stated another way, when a non-movant fails to oppose a legal argument

---

[3] *Cusamano v. Sobek*, 604 F. Supp.2d 416, 426 & n.2 (N.D.N.Y. 209) (Suddaby, J.) (citing cases).

[4] Among other things, Local Rule 7.1(a)(3) requires that the non-movant file a response to the movant's Statement of Material Facts, which admits or denies each of the movant's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[5] *See, e.g., Beers v. GMC*, 97-CV-0482, 1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their motion for summary judgment as consent by plaintiff to the granting of summary judgment for defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3]; *Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3

asserted by a movant, the movant may succeed on the argument by showing that the argument possess facial merit, which has appropriately been characterized as a "modest" burden. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met its burden to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & n.3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

## III. ANALYSIS

"New York's negligence law governs this controversy because, under the FTCA, the liability of the United States for injuries caused by the negligent acts or omissions of its employees is determined in accord with the law of the place where the act or omission occurred." *Citarella v. United States*, 86 F. Supp. 3d 151, 153 (E.D.N.Y. 2015) (internal quotation marks omitted); *see also Furey v. United States*, 458 F. Supp. 2d 48, 50 (N.D.N.Y. 2006) (Sharpe, J.) (stating that the "FTCA requires application of the whole law of the State where the act or omission occurred") (internal quotation marks omitted). Accordingly, to prevail on a negligence claim under New York law, the plaintiff must establish "(1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Solomon ex rel. Solomon v. City of New York*, 66 N.Y.2d 1026, 1027 (N.Y. 1985). Generally, "landowners owe people on their property a duty of reasonable care under the circumstances to maintain their property in a safe condition." *Tagle v. Jakob*, 97 N.Y.2d 165, 168 (N.Y. 2001). However, "a

---

(N.D.N.Y. Nov. 29, 2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's] testimony" on that ground).

landowner has no duty to protect or warn against an open and obvious condition which, as a matter of law, is not inherently dangerous." *Varon v. N.Y.C. Dep't of Educ.*, 123 A.D.3d 810, 811 (N.Y. App. Div. 2d Dep't 2014). In such cases, the condition "cannot fairly be attributed to any negligent maintenance of the property" on the landowner's part. *Cupo v. Karfunkel*, 1 A.D.3d 48, 52 (N.Y. App. Div. 2d Dep't 2003). The Court therefore focuses on two questions: (1) whether the condition complained of was open and obvious; and (2) whether the condition complained of was not inherently dangerous.

As to the first question, the "open and obvious [inquiry] is generally fact-specific and thus usually a jury question[;] [but] a court may determine that a [condition] was open and obvious as a matter of law when the established facts compel that conclusion, and may do so on the basis of clear and undisputed evidence." *Tagle*, 97 N.Y.2d at 169. To establish that a condition was "open and obvious," the landowner must demonstrate "that the condition . . . was readily observable by the plaintiff employing the reasonable use of his senses." *Powers v. 31 E 31 LLC*, 123 A.D.3d 421, 422 (N.Y. App. Div. 1st Dep't 2014). Such a determination "cannot be divorced from the surrounding circumstances." *Mazzarelli v. 54 Plus Realty Corp.*, 54 A.D.3d 1008, 1009 (N.Y. App. Div. 2d Dep't 2008).

As to the second question, the "inherently dangerous" inquiry is also often a jury question, which "depends on the totality of the specific facts of each case." *Russo v. Home Goods, Inc.*, 119 A.D.3d 924, 925-26 (N.Y. App. Div. 2d Dep't 2014). "However, the landowner may establish a prima facie entitlement to judgment as a matter of law where the evidence shows that the condition was 'not inherently dangerous.'" *Chaney v. Starbucks Corp.*, 115 F. Supp. 3d 380, 386 (S.D.N.Y. 2015) (quoting *Varon*, 123 A.D.3d at 811). "In assessing

inherent dangerousness, the Court may consider factors including the inherent nature of the condition at issue, evidence of prior accidents, whether there is a statutory violation, the frequency of inspections, photographs depicting the condition, and expert testimony." *Chaney*, 115 F. Supp. 3d at 386. "Where a landowner fails to establish that the condition was 'not inherently dangerous,' summary judgment is to be denied, and the case is to proceed to trial, even if the condition is found open and obvious, because 'the open and obvious nature of the condition is relevant [only] to the issue of the plaintiff's comparative negligence.'" *Chaney*, 115 F. Supp. 3d at 387 (quoting *Cupo*, 1 A.D.3d at 52).

      A.      **Whether the Ashtray Was Open and Obvious**

After carefully considering the matter, the Court finds that the ashtray was open and obvious as a matter of law for the reasons stated in Defendant's memoranda of law. (Dkt. No. 19, Attach. 2, at 9-11 [Def.'s Mem. of Law]; Dkt. No. 23, at 6-7 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis.

The Court has carefully reviewed the photographs submitted by Defendant depicting the ashtray and finds that reasonable jurors could only conclude that the ashtray was open and obvious: it was readily observable by anyone employing the reasonable use of his or her senses. Indeed, other than the customers that Plaintiff asserts were entering the corridor at the time of the accident, she testified that there were no barriers or anything else concealing the ashtray from her vision. (Dkt. No. 19, Attach. 6, at 41:20-23 [Pl.'s Dep. Tr.].) As for the "people" Plaintiff asserts were "coming toward" her while she exited the post office, Plaintiff does not assert that they prevented her from reasonably perceiving the ashtray; rather, she acknowledges that, immediately before impact, she "focused" her attention on thanking the man who was opening

the door for her while choosing to continue to walk forward, around the people. (Dkt. No. 19, Attach. 6, at 35 [Pl.'s Dep. Tr.].)

Although Plaintiff argues that she did not notice the ashtray before colliding with it, the Court agrees with Defendant that this assertion is undermined by Plaintiff's testimony that she went to the post office "daily" for more than two decades and that the ashtray has remained in the same location since at least 1995. (Dkt. No. 19, Attach. 9, at 5 [attaching photograph of post office dated May 25, 1995].)[6] Under these circumstances, Plaintiff must have been aware of the ashtray's presence. *See Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005) (explaining that district court could resolve issues of credibility on motion for summary judgment in narrow circumstances where [1] the testimony of non-movant is largely unsubstantiated by any other direct evidence, and [2] that testimony is so incomplete and/or replete with inconsistencies and improbabilities that, even after drawing all inferences in the light most favorable to the non-movant, no reasonable jury could find for the non-movant).

In any event, "whether [or not] a plaintiff observed a condition prior to [an accident] is immaterial to the question of whether the condition was open and obvious." *Glassberg v. Staples the Office Superstore E., Inc.*, 08-CV-2132, 2010 WL 3924682, at *5 (E.D.N.Y. Sept. 13, 2010); *see also Schulman v. Old Navy/The Gap, Inc.*, 45 A.D.3d 475, 476 (N.Y. App. Div. 1st Dep't 2007) ("[E]ven though plaintiff claims she did not see the bracket just before coming in contact with it, as a matter of law, this does not bespeak any negligence on defendant's part."). What matters is whether the condition was readily observable by anyone employing the reasonable use of his or her senses; and the Court finds that this condition was so observable.

---

[6] The Court takes judicial notice of the fact that, if Plaintiff visited the post office six days per week for twenty years, she would have passed the ashtray (while entering and leaving the post office) more than twelve and a half thousand times.

Accordingly, for the reasons stated above, the Court finds that the ashtray was both open and obvious.

B. **Whether the Ashtray Was Inherently Dangerous**

After carefully considering the matter, the Court finds that the ashtray was not inherently dangerous as a matter of law for the reasons stated in Defendant's memoranda of law. (Dkt. No. 19, Attach. 2, at 9-11 [Def.'s Mem. of Law]; Dkt. No. 23, at 2-8 [Def.'s Reply Mem. of Law].) To those reasons, the Court adds the following analysis.

The Court finds that the ashtray was not an inherently dangerous condition because (1) it was a stationary object that had existed in the same location for at least seventeen years, (2) it was in plain view to those persons employing the reasonable use of their senses, (3) there had been no prior accidents or complaints regarding the ashtray, (4) Plaintiff visited the post office on an almost daily basis for approximately twenty years and successfully passed by the ashtray during that time period, and (5) Plaintiff has not submitted any admissible record evidence (including but not limited to expert testimony) that the ashtray, or its location on the building, violated any building regulations or ordinances. The Court notes that no admissible record evidence exists that it was reasonably foreseeable to Defendant that, at the time a customer existed the post office, there would suddenly appear a throng of people who would simultaneously block the customer's view of the ashtray and force her to walk forward, into it.

Under these circumstances, the Court finds that the ashtray was not inherently dangerous at the time of Plaintiff's accident and that it was not reasonably foreseeable that an accident was likely to occur. *See Anton v. Corr. Med. Servs., Inc.*, 74 A.D.3d 1682, 1683-84 (N.Y. App. Div. 3rd Dep't 2010) (holding that "defendant established its prima facie entitlement to summary

judgment through evidence that the bed frame was in plain view, that, based on the corridor's width, there was adequate room to navigate around the bed frame, and that its placement did not violate any safety regulations[,]" and that "there is nothing in the record to suggest that [plaintiff] would have been prevented from also looking where he was going and seeing what was there to be seen–in this case a bed frame"); *Mastellone v. City of New York*, 29 A.D.3d 540, 540 (N.Y. App. Div. 2d Dep't 2006) (affirming summary judgment where plaintiff was injured after he tripped over the legs of a coat rack in a passageway where the coat rack was a stationary object in plain sight and plaintiff was capable of avoiding contact with the coat rack as he approached it); *Chaney*, 115 F. Supp. 3d at 388 (holding that an electrical charger plug that customer tripped over was not inherently dangerous, in part, because "he was not required to step in the charger's path to exit the Starbucks location at issue; an alternative path around the charger was available").

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 19) is **<u>GRANTED</u>**.

The Clerk of the Court is directed to enter judgment in favor of the Defendant and close this case.

Dated: March 30, 2016
       Syracuse, New York

                                      Hon. Glenn T. Suddaby
                                      Chief U.S. District Judge